JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 21ST CAPITAL CORP., ) | CASE NO. CV 09-07213 MMM (PLAx) |
| ) | |
| Plaintiff, ) | |
| ) | ORDER GRANTING PLAINTIFF'S |
| vs. ) | MOTION TO REMAND |
| ) | |
| ADVANCED COMMUNICATIONS USA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

## I. BACKGROUND

On June 30, 2009, plaintiff 21st Capital Corporation filed an action in Los Angeles Superior Court alleging claims against Advanced Communications USA, formerly known as Nexlink Communications, and certain fictitious defendants for breach of written contract, compensation for services, goods, and/or merchandise sold and delivered, and open book account for money due on services, goods, and/or merchandise.

Commencing on or about October 20, 2008, and continuing thereafter, non-party Corban Electric & Data, Inc. and defendant entered into a series of written contracts, identified as "factored invoices." By the terms of the factored invoice agreements, Corban provided goods, wares, and services to defendant, and defendant agreed to pay the amounts specified in the agreements, which as of January

1  9, 2009, the date of the last agreement, totaled $42,683.86.[1]

2  Prior to the execution of the contracts, Corban had entered into an "accounts receivable factoring agreement," in which Corban agreed to assign and transfer to plaintiff all right, title, and interest in and to certain of its accounts, including the right to receive payments thereon. In connection with each agreement between Corban and defendant, plaintiff communicated with defendant advising that plaintiff was a third-party beneficiary of the agreement, and requesting that defendant complete an invoice confirmation verifying that the invoice was valid and owing and would be paid to plaintiff. Defendant executed such invoice confirmation for each agreement between it and Corban, verifying plaintiff's status as third-party beneficiary and confirming that payment would be made to plaintiff. From November 5, 2008 to January 20, 2009, amounts owed pursuant to the invoices came due and were not paid.[2] 21st Capital filed suit to collect the unpaid amounts in June 2009.

On October 2, 2009, defendant removed the action to this court. Plaintiff filed a motion to remand on October 20, 2009, asserting that defendant had not demonstrated that the amount in controversy requirement had been met and that diversity of citizenship existed.[3] Defendant opposed the motion.[4] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument. The hearing calendared for January 11, 2010 is therefore vacated and the motion taken off calendar.

---

[1]Complaint for Money Breach of Contract ("Complaint"), attached as Exh. A to Defendant Advanced Communications USA, LLC's Notice of Removal ("Notice of Removal"), Docket No. 1 (Oct. 2, 2009), ¶¶ 5, 6, 8.

[2]*Id.*, ¶¶ 9-13.

[3]Notice of Motion and Motion to Remand Removed Action ("Motion"), Docket No. 13 (Oct. 20, 2009).

[4]Defendant Advanced Communications USA, LLC's Opposition to Plaintiff's Motion to Remand ("Opp."), Docket No. 30 (Nov. 25, 2009).

2

## II.  DISCUSSION

### A.  Legal Standard Governing Removal Jurisdiction

Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).  The proper procedural vehicle for challenging the removal to federal court of a state court action is a motion to remand.  See 28 U.S.C. § 1447(c); *Ultra Tool & Plastics, Inc. v. Schulman*, No. 98-CV-0473E(SC), 1998 WL 864896, * 1 (W.D.N.Y. Dec. 2, 1998).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern National Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  When a motion to remand is filed, the party that removed the case generally bears the burden of establishing that federal jurisdiction is proper.  See *Gaus*, 980 F.2d at 566-67; *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (removing defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction).

"The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ."  28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").  In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants.  See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996).  "Diversity jurisdiction is determined *at the time the action commences*, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level."  *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999) (emphasis added).

## B. Whether the Amount in Controversy Requirement is Met

Plaintiff's state court complaint does not specify an amount in controversy exceeding $75,000; consequently, defendant bears the burden of proving, by a preponderance of the evidence, that this jurisdictional requirement is satisfied. See, e.g., *Matheson*, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold"); *Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages the plaintiff has sought, as is true here with regard to Gaus's claim . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount"). In addition to the contents of the removal petition, the court considers "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,'" such as affidavits or declarations. *Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citation omitted).

In preponderance of the evidence cases, the Ninth Circuit has established the following framework for determining whether the removing defendant has met its burden. First, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer*, 116 F.3d at 377 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)); see also *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("Although we have not addressed the types of evidence defendants may rely upon to satisfy the preponderance of the evidence test for jurisdiction, we have endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal," quoting *Matheson*, 319 F.3d at 1090 (internal quotations omitted)).

Plaintiff's complaint seeks payment of $42,683.86 that is past due on the invoice agreements. It also seeks attorneys' fees, citing the parties' agreement and California Civil Code § 1717. Defendant asserts that "[w]hile not a certainty, it is reasonable to assume that the costs of prosecuting any case

through trial in this Court would exceed $33,000."[5] Aside from this assertion, defendant presents no evidence or declarations supporting its speculation regarding the amount of attorneys' fees that may be recoverable.

Attorneys' fees sought pursuant to contract or statute are properly considered in assessing the amount in controversy. See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[As] a general rule, attorneys' fees are excludable in determining the amount in controversy because, normally, the successful party does not collect his attorneys' fees in addition to or as part of the judgment. [Citation omitted]. There are however, two logical exceptions to this rule: one where the fees are provided for by contract, and two, where a statute mandates or allows the payment of such fees," quoting *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir.1979)). Defendant has adduced no evidence that attorneys' fees in this action will reasonably be $33,000, i.e., more than two-thirds the amount plaintiff seeks as primary damages in the action.

The court also notes that there is no allegation in the complaint that the damages plaintiffs seek exceed $75,000. While the court may look to the removal petition to establish the amount in controversy, the notice of removal states only that "Defendant estimates that the amount of damages and attorneys['] fees sought by plaintiff total well in excess of $75,000."[6] Defendant has submitted no summary-judgement-type evidence concerning the actual amount in controversy. Based on the record before the court, it appears that the damages claimed by plaintiff do not exceed the $75,000 threshold as necessary to establish diversity jurisdiction. See *Simmons v. PCR Tech.*, 209 F.Supp. 2d 1029, 1034 (N.D. Cal. 2002) (noting that "[f]ormal billing records and a declaration written under penalty of perjury" would be sufficiently credible to establish the amount of attorneys' fees at removal).

Courts are split on the issue of whether a court may consider only attorneys' fees accrued at the time of removal or fees that can reasonably be anticipated at the time of removal to be incurred over the life of the case. Compare *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 n. 4 (N.D. Cal.

---

[5]Opp. at 2-3.

[6]Notice of Removal, ¶ 7.

2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys fees likely to be incurred cannot be estimated at the time of removal"); *Simmons*, 209 F.Supp.2d at 1034-35 ("Such fees necessarily accrue until the action is resolved. Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond removal") with *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *4 (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal," citing *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)); *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F.Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider post-removal events in calculation of attorneys' fees for removal purposes); *Green v. Party City Corp.*, No. CV-01-09681 CAS (Ex), 2002 WL 553219, *2 & n. 3 (C.D. Cal. Apr. 9, 2002) (calculating attorneys' fees by citing "only work done by plaintiff's counsel prior to removal"). See also *Giordano v. Park Avenue Life Insurance Co.*, No. CV 09-01405 SJO (FMOx), 2009 WL 1474945, *3 (C.D. Cal. Apr. 7, 2009) ("Where attorneys' fees are to be included in the amount in controversy, 'district courts in this circuit have disagreed [as to] whether attorneys' fees incurred after the date of removal are properly included in the amount in controversy:' some courts refuse to consider attorneys' fees incurred after removal whereas others include a 'reasonable estimate of attorneys['] fees likely to be expended,'" quoting *Burk v. Medical Savings Insurance Co.*, 348 F.Supp.2d 1063, 1068-69 (D. Ariz. 2004) (alterations original)).

"Thus, [d]efendant['s] estimate of [p]laintiff['s] fees for activities anticipated but not yet performed, even if accurate, may be irrelevant. Further, even assuming that the correct approach is to include a reasonable estimate of fees likely to be recovered, [d]efendant['s] calculations are speculative, lack evidentiary support, and are conclusory at best." *Wastier v. Schwan's Consumer Brands*, No. 07CV1594, 2007 WL 4277552, *3 (S.D. Cal. Dec. 5, 2007). Given the Ninth Circuit's mandate that the removing party produce "summary-judgment-type evidence" showing that the amount in controversy requirement is met, *Valdez*, 372 F.3d at 1117, the court must conclude that defendant has not met its burden here. This is particularly true since even defendant's speculation is not particular to this action or its facts, but merely an assertion that "the costs of prosecuting *any* case in this Court would exceed

$33,000."[7]

### III. CONCLUSION

For the reasons stated, the court grants plaintiff's motion to remand, and directs the clerk to remand the action forthwith to Los Angeles Superior Court.

DATED: January 4, 2010

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

[7]Opp. at 2-3 (emphasis supplied). Defendant's assumption encompasses a subsidiary assumption that the action will be prosecuted through to trial, which the court also need not credit. Cf. *Simmons*, 209 F.Supp.2d at 1035 ("Although attorneys' fees cannot be precisely calculated, maintaining a race discrimination claim will undoubtedly require substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages. The court recognizes that the percentage of cases that ultimately go to trial is very small. Nonetheless, plaintiff's claims are unlikely to be immediately resolved. While attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied").